page 506; 24 Am.Jur., Gas and Oil, Section 67, page 577.

 A similar lease provision has been so construed. Wagner v. Hamilton, 303 Ky. 120, 196 S.W.2d 973; Blair v. Sturgill, 311 Ky. 622, 224 S.W.2d 928. In Warfield Natural Gas Company v. Moore, 281 Ky. 689, 136 S.W.2d 1086, the Court refused to extend the rule to include a subsequently erected tenant house which was in addition to the original dwelling. By dictum, the opinion approved the use of free gas in a house subsequently erected in lieu of a dwelling which had been destroyed or razed, thus indicating that the use may be transferred from one dwelling to another on the leased surface but the right may not be enlarged to include an additional dwelling. Cf. Coleman v. Lindsey, 314 Ky. 273, 234 S.W.2d 950.

Judgment affirmed.

ordering a partition of 140 acres of land among a number of parties. The judgment recites that the value of the share of none of the parties exceeds $2,500. The consideration of the record leads to the conclusion that the judgment is correct.

The motion for an appeal is overruled, and the judgment stands affirmed.

---

**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

v.

**Ralph MEYERS, Appellee.**

Court of Appeals of Kentucky.

Nov. 15, 1957.

---

**Zella PUCKETT et al., Appellants,**

v.

**Martha Puckett MORELAND et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 15, 1957.

H. M. Shumate, Shumate & Shumate, Irvine, for appellants.

John W. Walker, L. H. Stevens, Irvine, for appellees.

PER CURIAM.

Motion for an appeal from a judgment of the Estill Circuit Court refusing to cancel three deeds, construing the same and

